# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MILES COLLEGE, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | **2:06-CV-1306-VEH** |
| ) | |
| **AXIS INSURANCE COMPANY;** ) | |
| **GAB ROBINS NORTH AMERICA,** ) | |
| **INC.; STEVEN WESTBROOK;** ) | |
| **MARSH USA, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

This case comes before the court on the Plaintiff's, Miles College, Inc. ("Miles"), Motion to Remand (doc. 12). The basis for the Motion is that this court lacks subject matter jurisdiction because there is not complete diversity of citizenship between the Plaintiff and all Defendants.[1] Specifically, in its Complaint, Miles alleges causes of action against Westbrook, who is, like Miles, a resident of Alabama. Defendants argue that complete diversity exists in that Westbrook was fraudulently joined. Specifically, Defendants assert that there is no colorable cause of action against Westbrook and therefore he should be disregarded for purposes of

---

[1] Axis Specialty Insurance Company ("Axis"), GAB Robins North America, Inc. ("GAB"), Steven Westbrook ("Westbrook"), and Marsh USA, Inc. ("Marsh").

determining diversity jurisdiction.

This Motion has been briefed extensively and is ripe for review.  A hearing has not been requested on the instant Motion, and the court is satisfied that a decision can be reached based on the papers submitted by the parties.  For the reasons stated herein, the Motion to Remand is due to be **GRANTED**.

## Introduction

On May 22, 2006, Miles filed its Complaint in the Circuit Court of Jefferson County, Alabama, Bessemer Division.  On July 5, 2006, Defendant Axis Insurance Company ("Axis") removed this action on the basis of diversity of citizenship.  The remaining defendants joined in or consented to such removal.

Miles's Complaint alleges that Defendants failed to compensate it[2] for repairs made to its fire-damaged cafeteria and asserts the following claims:  Breach of Contract (Count I); Bad Faith (Count II); Wantonness/Negligence (Count III); Fraud/Misrepresentation/Suppression (Count IV); Unjust Enrichment (Count V); and Conspiracy (Count VI).  For purposes of its Motion to Remand, Miles only asks the court to consider its claims of Wantonness/Negligence (Count III); Fraud/Misrepresentation/Suppression (Count IV); and Conspiracy (Count VI).

---

[2]Pursuant to an insurance contract between Miles and Axis.

**<u>Facts</u>**[3,4]

In its Complaint, Miles alleges, in relevant part, that: (1) Axis issued property insurance to Miles covering its student union; (2) on May 25, 2004, the cafeteria portion of the student union was damaged by fire; (3) Westbrook is an employee of GAB; (4) Westbrook was directed by Defendants to conduct, and did conduct, an investigation into the fire and the extent of the damage caused by the fire; (5) Westbrook, during the course of the investigation, represented to Miles that the costs to repair the cafeteria would be covered by the Axis policy, that the policy was sufficient to cover any and all losses, that Defendants would properly and timely provide full coverage for all costs of the reconstruction of the cafeteria, that Miles had "the best insurance, that Miles had the "best policy," that Miles's policy "had it all" and was "the best you can have; (6) Miles, in reliance on Westbrook's representations, authorized a construction company to repair the cafeteria; (7) the construction company repaired the cafeteria; (8) Miles paid the construction company more than $1 Million for its work; and (8) Defendants refused to reimburse Miles for a significant portion of the cafeteria repairs expenses.

---

[3]The Defendants do not controvert Miles's factual allegations for purposes of this Motion. Rather, they say that, even assuming Miles's allegations are true, Miles has not started a cause of action against Westbrook.

[4]No party has filed any evidence in relation to the instant Motion.

As to Count III, Wantonness/Negligence, Miles asserts that Defendants (including Westbrook) were under a duty to fully and properly investigate the cafeteria damage claim and to pay Miles all of the costs associated with the repair of the cafeteria, but that they (including Westbrook) breached this duty by: (1) failing to fully and properly investigate the fire; and (2) misrepresenting information to and suppressing information from Miles regarding the investigation and payment for the repairs.

As to Count IV, Fraud/Misrepresentations/Suppression, Miles asserts that Defendants (including Westbrook) misrepresented to and/or suppressed material facts from Miles to induce it to act or refrain from acting, that they did so with knowledge (or reckless disregard) that the representations were false, and that Miles relied on these representations and suppressions to its detriment and was damaged as a result.

As to Count VI, Miles asserts that Defendants (including Westbrook) entered into an agreement to unlawfully delay and refuse to pay Miles's claim for the sole purpose of harming Miles and that Miles was in fact harmed.

### Diversity Jurisdiction

Federal courts are courts of limited jurisdiction. A federal court may hear only cases that the Constitution or Congress has authorized. A federal court has jurisdiction over cases involving parties from different states when the amount in

4

controversy exceeds $75,000, excluding interest and costs.  28 U.S.C. § 1332(a).

Diversity jurisdiction requires complete diversity; every plaintiff must be diverse

from every defendant.  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th

Cir. 1998).

### Removal and Remand

A defendant seeking to remove a case from state court to federal court has the

burden of proving the existence of federal jurisdiction.  *Crowe v. Coleman*, 113 F.3d

1536, 1538 (11th Cir. 1997).  Because federal jurisdiction is limited, the Eleventh

Circuit has held that cases removed from state court are to be remanded "where

federal jurisdiction is not absolutely clear." *Lowe's Ok'd Used Cars, Inc. v.*

*Acceptance Insurance Co.*, 995 F.Supp. 1388, 1389 (M.D. Ala. 1998) (citing *Burns*

*v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  To this end, removal

statutes are strictly construed, with all doubts resolved in favor of remand.  *Id.*  (citing

*Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied*, 520 U.S. 1162

(1997)).  Moreover, all facts alleged in the Complaint are construed in favor of the

plaintiff, and all "uncertainties" regarding the substantive state law are resolved in

favor of the plaintiff.  *Crowe v. Coleman*, 113 F.3d 1536, 1538.

Miles and Westbrook are both residents of Alabama.  Therefore, complete

diversity among the parties, as required for diversity jurisdiction, does not exist.

However, Defendants contend that Miles fraudulently joined Westbrook. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  If Miles fraudulently joined Westbrook, the court has subject-matter jurisdiction over this action.  If Miles did not fraudulently join Westbrook, the court is without subject-matter jurisdiction, and this action must be remanded to the Circuit Court of Jefferson County, Alabama.

Under Eleventh Circuit precedent, joinder is fraudulent in three situations: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional issue; and (3) when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.[5]  *Id.  See also Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993); *Tapscott v. MS Dealer Service Corp.* 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled as conflicting*

---

[5]In the present case, Defendants assert that only the first type of fraudulent joinder is applicable; accordingly, the court will offer no analysis as to the second and third situations under which a fraudulent joinder can occur.

*with prior panel decision on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). If any of these situations are present, the nondiverse defendant has been fraudulently joined and its citizenship should be ignored for purposes of determining jurisdiction. *Id.*

"In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by the parties." *Id.* at 1380. "While the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b) ... the jurisdictional inquiry must not subsume substantive determination." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal citations and marks omitted).

A federal court must be certain of its jurisdiction before "embarking upon a safari in search of a judgment on the merits." *Crowe*, 113 F.3d at 1538. A "district court's authority to look into the ultimate merits of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims." *Crowe*, 113 F.3d at 1542.

## Discussion

As stated previously, Defendants asset that none of Miles's claims against Westbrook are colorable.  Miles asserts that three of its claims[6] against Westbrook survive, requiring remand.  Because the court finds that Defendants have not met their heavy burden of demonstrating by clear and convincing evidence that "there is no possibility [Miles] can establish a cause of action [for fraud/misrepresentation/suppression] against the resident defendant,"[7] there is no need to analyze Miles's other claims or the parties' arguments whether the so-called "common defense rule" has some application to this case.

In order to prevail under Alabama law on a claim for fraudulent misrepresentation, a plaintiff must establish that: (1) the defendant made a false representation; (2) the misrepresentation involved a material fact; (3) the plaintiff relied on the misrepresentation; and (4) the misrepresentation damaged the plaintiff. *See Baker v. Metropolitan Life Ins. Co.*, 907 So.2d 419, 420 (Ala. 2005).

Because no party filed any affidavits or other evidence, the court looks to the allegations of the Complaint.  In its Complaint, Miles specifically references

---

[6]Wantonness/Negligence (Count III); Fraud/Misrepresentation/Suppression (Count IV); and Conspiracy (Count VI).

[7]*Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278 at 1281 (11th Cir. 2006) (quoting *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962)).

statements that Westbrook allegedly made to representatives of Miles and, in particular, his misrepresentations that Miles would be paid for the cost to repair the cafeteria. (Complaint at ¶ 14). Miles also alleges that these representations [8] were false and that it relied on those representations in authorizing and paying for the reconstruction of the cafeteria.

Defendants' response is that Westbrook's statements were merely his opinion, that Westbrook was not their agent,[9] and that Miles could not reasonably have relied on Westbrook's statements. Under Alabama law, all of Defendants' assertions would require this court to decide questions of fact, or mixed questions of law and fact. To do so would be error at this early stage. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) ("[t]he district court should resolve all questions of fact and controlling law in favor of the plaintiff. . . . ").

Miles correctly notes that insurance agents who make representations or statements regarding the scope and extent of insurance coverage can be held liable. *See Jarrad v. Nationwide Mut. Ins. Co.*, 495 So. 2d 584, 588 (Ala. 1986) (reversing summary judgment in favor of insurance agent, concluding that statements regarding

---

[8]Defendants have not argued that the representations were not material.

[9]Although he was an employee of Defendant GAB and Miles has asserted, in its Complaint, (1) that Westbrook acted at the direction of (all of ) the other Defendants when he made the allegedly fraudulent misrepresentations to representatives of Miles; and (2) that Westbrook was directly involved in and had influence over the decision to deny Miles's claims.

9

the extent and scope of the insurance were not "opinions" or "mere puffery"); *See also Mason v. American Int'l Group, Inc.*, 2006 WL 625833 at *2, 4 (M.D. Ala. 2006); *Pensinger v. State Farm Fire & Casualty Co.*, 347 F. Supp. 2d 1101, 1106-07 (M.D. Ala. 2003); *Alfa Mut. Ins. Co. v. Northington*, 561 So.2d 1041, 1045-46 (Ala. 1990) (affirming jury verdict for fraud based on agent's statement of insured that policy would "automatically" cover losses); *Woodall v. Alfa Mut. Ins. Co.*, 658 So. 2d 369, 374 (Ala. 1995) (reversing summary judgment for insurer where its agent misrepresented whether claims were covered by policy); *White v. State Farm Fire & Casualty Co.*, ____ So. 2d ____, 2006 WL 2216500 (Ala. Aug. 4, 2006) (expressly reaffirming that Alabama law recognizes a separate tort of fraud or fraudulent suppression in the handling of an insurance claim).

The court declines to hold as a matter of law, based merely on the allegations of the Complaint, that Miles's alleged reliance was not reasonable. *See Pensinger*, 347 F. Supp. 2d at 1106 ("Ordinarily, whether reliance is reasonable is a question of fact for the jury.")

It is possible that, after discovery, Westbrook will be entitled to summary judgment. However, at this early stage, the court cannot find that there is no possibility that an Alabama court would find that the Complaint states a cause of action against him.

> "If there is a *possibility* that a state court would find that
> the complaint states a cause of action against any one of
> the resident defendants, the federal court must find that
> joinder was proper and remand the case to state court."
> The plaintiff need not have a winning case against the
> allegedly fraudulent defendant; he need only have a
> *possibility* of stating a valid cause of action in order for the
> joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (quoting

*Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983) (emphasis added).

"[I]n testing fraudulent joinder it is enough to show a good faith expectation, not a

legal certainty, that the attacked claim is good under state law." *Bobby Jones Garden*

*Apartments, Inc. v. Suleski*, 391 F.2d 172, 174 (11th Cir. 1968).

Because the court finds that plaintiff's Complaint states a claim against

Westbrook for fraudulent misrepresentation/suppression, the court finds that

Westbrook is not fraudulently joined.

## Conclusion

The court finds that joinder of the nondiverse party, Westbrook, is not

fraudulent. Complete diversity among the parties as required by 28 U.S.C.A. § 1332

does not exist. Consequently, this court lacks subject matter jurisdiction over this

action, and this case is due to be remanded to the Circuit Court of Jefferson County,

Alabama. Accordingly, Miles's Motion to Remand is due to be **GRANTED**.

A Final Order will be entered consistent with this Memorandum Opinion.

**DONE** this 18th day of September, 2006.

**VIRGINIA EMERSON HOPKINS**
United States District Judge